THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**LINDA WEINZIMMER-KIRK** and
**JOHN KIRKGASSER,** residents of
Washington,

      Plaintiffs,

v.

**PROBUILD CONTRACTORS, LLC,** a
Delaware limited liability company, and
its owners, **NICHOLAS JOHN STEEN**
and **LORELEI ELIZABETH STEEN,**
residents of Oregon,

      Defendants,

**PROBUILD CONTRACTORS, LLC,** a
Delaware limited liability company, and
its owners, **NICHOLAS JOHN STEEN**
and **LORELEI ELIZABETH STEEN,**
residents of Oregon,

      Third-Party Plaintiffs,

v.

**CORE GENERAL CONTRACTORS,
LLC,** an Oregon limited liability
company,

      Third-Party Defendant.

No. 3:23-cv-0852-MO

OPINION AND ORDER

**MOSMAN, J.,**

      This matter comes before me on Defendants ProBuild Contractors, LLC, Nicholas John Steen, and Lorlelei Elizabeth Steen's Corrected Motion for Judgment on the Pleadings Or In The Alternative Motion for Summary Judgment ("Mot.") [ECF 58]. For the reasons stated below, I

1 – OPINION AND ORDER

GRANT Defendants' Motion for Judgment on the Pleadings [ECF 58] and DISMISS Plaintiffs' Third Claim for Relief with leave to amend.

## BACKGROUND

This case concerns a failed construction project that was intended to restore Plaintiffs Linda Weinzimmer-Kirk and John Kirkgasser's home following a fire. Plaintiffs allege that Defendants, a construction company and its owners, accepted payment under their construction contract but never started work and then fraudulently canceled that contract. Complaint ("Compl.") [ECF 1] ¶¶ 1-11. Along with breach of contract and conversion claims, Plaintiffs bring a civil RICO claim that alleges that Defendants schemed to take Plaintiffs' fire insurance proceeds without ever intending to perform any construction work. *Id.* ¶¶ 12-49. In response to Plaintiffs' motion to compel discovery related to the RICO claim, Defendants argued the RICO claim was invalid. Response to Motion to Compel Discovery [ECF 52] at 7-9. During a telephonic hearing, I ordered Defendants to file a motion to present their challenge to the RICO claim, and I took under advisement Plaintiffs' Motion to Compel as it related to discovery on the RICO claim. Minutes of Proceedings [ECF 54]. Defendants filed this Motion for Judgment on the Pleadings [ECF 55] as ordered on March 19, 2025, and then filed a corrected version on 03/20/2025 [ECF 58].[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12 governs motions for judgment on the pleadings: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010)

---

[1] I refer to the corrected version [ECF 58] throughout this Opinion and Order.

(quotations omitted). "The issue presented by a Rule 12(c) motion is substantially the same as that posed in a Rule 12(b)(6) motion — whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief." *Special Dist. Risk Mgmt. Auth. v. Munich Reinsurance Am., Inc.*, 562 F. Supp. 3d 989, 993 (E.D. Cal. 2021) (citing *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–55 (9th Cir. 2011)).

## DISCUSSION

First, I conclude this a proper motion for judgment on the pleadings and I construe it accordingly, not as motion for summary judgment. The "pleadings are closed for purposes of Rule 12(c) once a complaint and answer have been filed." *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005). Third Party Defendant Core General Contractors, LLC ("Core") filed an answer to the Third Party Complaint on February 7, 2024, so that is the date the pleadings closed. Answer to Third Party Complaint [ECF 18]. Defendants filed this Motion almost a year later, on March 20, 2025, so it is timely. *Doe*, 419 F.3d at 1061. I am not aware of any authority for Plaintiffs' argument—and Plaintiffs cite none—that the pleadings do not close until the date to amend pleadings or add parties passes. Plaintiffs' Response to Defendants' Motion for Judgment on the Pleadings Or In The Alternative Summary Judgment ("Resp.") [ECF 63] at 7. Additionally, this Motion is not untimely simply because it makes arguments that could have been made in a motion to dismiss. These two types of motions are "functionally identical" because the principal difference between them is timing. *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *compare* Fed. R. Civ. P. 12(b) *with* Fed. R. Civ. P. 12(c).

Second, Defendants argue that Plaintiffs' civil RICO claim under 18 USC § 1961 is not properly pled. Mot. [ECF 58] at 3-5. I agree. "Although the RICO statute was originally enacted to combat organized crime, it has become a tool for everyday fraud cases brought against respected

and legitimate enterprises." *Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharms. Co. Ltd.*, 943 F.3d 1243, 1248 (9th Cir. 2019) (quotations omitted). The elements of a RICO claim are well-settled: "a plaintiff must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Id.* at 1249 n.5 (quotations omitted). "Racketeering activity" is defined via a list of applicable crimes in 18 U.S.C. § 1961(1). A "pattern of racketeering activity . . . requires at least two acts of racketeering activity" within ten years of one another. 18 U.S.C. § 1961(5).

Plaintiffs allege that Defendants "engaged in a pattern of racketeering activity," and advanced a scheme that used "various email and wire communications . . . which constitutes 'wire fraud' and a 'pattern of racketeering activity' as those terms are defined." Compl. [ECF 1] ¶¶ 59, 63. The federal crime of wire fraud under section 1343 is a predicate crime included in the definition of "racketeering activity" in 18 U.S.C. § 1961(1)(B). "Wire or mail fraud consists of the following elements: (1) formation of a scheme or artifice to defraud; (2) use of the United States mails or wires, or causing such a use, in furtherance of the scheme; and (3) specific intent to deceive or defraud." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010). However, Plaintiffs' Complaint only contains conclusory statements that Defendants committed wire fraud and that the elements of RICO are met, but it does not specifically allege Defendants committed the elements of wire fraud, or of any other predicate crime under 18 U.S.C. § 1961(1). Accordingly, Plaintiffs' Third Claim for Relief is not adequately pled. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (courts are not required to accept as true a complaint's "threadbare recitals of a cause of action's elements, supported by mere conclusory statements").

Additionally, Defendants are correct that Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement applies to civil RICO claims based on fraud. *See Edwards v. Marin Park,*

4 – OPINION AND ORDER

*Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004). "To avoid dismissal for inadequacy under Rule 9(b), [a] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Id.* at 1066 (quotations omitted). Other district courts have described Rule 9(b) as requiring the "who, what, when, where, and how of each of the alleged acts of mail and wire fraud." *Uce v. Oral Aesthetic Advoc. Grp., Inc.*, 2024 WL 3050720, at *3 (C.D. Cal. Feb. 23, 2024). Plaintiffs' factual allegations do not meet Rule 9(b)'s heightened standard because they do not include details of the allegedly fraudulent wire communications, such as the "time" or "specific content of the false representations, as well as the identities of the parties to the misrepresentation," as is required by Rule 9(b). *Edwards*, 356 F.3d at 1065–66.

I conclude Plaintiffs' Complaint suffers from two primary defects: (1) the elements of wire fraud—or any other predicate crime to RICO—are not adequately pled; and (2) the factual allegations are not sufficiently detailed to meet the heightened pleading standard under Rule 9(b). Because Plaintiffs have not yet amended their complaint and there is nothing to indicate yet that these defects are incurable, I grant Plaintiffs leave to amend their Complaint. *See* Fed. R. Civ. P. 15(2) ("The court should freely give leave when justice so requires.").

5 – OPINION AND ORDER

## CONCLUSION

For the reasons above, I GRANT Defendants' Motion for Judgment on the Pleadings [ECF 58] and DISMISS Plaintiffs' Third Claim for Relief with leave to amend. If they choose to amend, Plaintiffs' deadline to file a First Amended Complaint is thirty (30) days from this Opinion and Order. The remaining portions of the Motions to Compel Discovery [ECF 44 & ECF 46] are DISMISSED as moot.

IT IS SO ORDERED.

DATED this 1st day of July, 2025

                                                            MICHAEL W. MOSMAN
                                                            Senior United States District Judge